JUSTICE RICE,
dissenting.
¶99 I concur with the Court’s Opinion on all issues except for the remuneration provision, from which I dissent. In striking down the provision, the Court fails to properly implement the standards our precedent has imposed for due process review.
¶100 The sheer deference we pay to the legislature under reasonableness review could not be clearer under our precedent: “the purpose of the legislation does not have to appear on the face of the legislation or in the legislative history, but may be any possible purpose of which the court can conceive.” Satterlee v. Lumberman’s Mut. Cas. Co., 2009 MT 368, ¶ 34, 353 Mont. 265, 222 P.3d 566 (citing Stratemeyer v. Lincoln County, 259 Mont. 147, 152, 855 P.2d 506, 509-10 (1993)) (emphasis added). Despite this standard, the Court proceeds to test each provision of the Act not against any possible purpose, but against a single purpose to which it latches on and won’t let go. We have previously expressly rejected such an approach in the context of rational basis review, which the Court also employs to strike down the remuneration provision. Opinion, ¶ 55. See Stratemeyer, 259 Mont. at 151-52, 855 P.2d at 509-10 (holding lower court erred by reasoning “the legislature must provide” a rational basis and that a court “may not speculate” about the legislature’s purpose). We should reject this approach once again. When we have determined, as the Court here concedes, that “the legislation in question is related to a legitimate government concern,” then the inquiry is simply whether the means chosen by the Legislature to accomplish its objective “are reasonably *293 related to the result sought to be obtained.” Walters v. Flathead Concrete Products, 2011 MT 45, ¶ 18, 359 Mont. 346, 249 P.3d 913 (citing Plumb v. Fourth Jud. Dist. Ct., 279 Mont. 363, 372, 927 P.2d 1011, 1016 (1996)). This inquiry is the embodiment of judicial restraint and deference.
¶101 Given that marijuana is illegal under federal law, and that the State’s interest may be “any possible purpose of which the court can conceive,” Satterlee, ¶ 34, it requires a particularly uncreative judge indeed to be unable to articulate a legitimate state interest that justifies the remuneration provision. Further, against this first backdrop of federal illegality, there is a second backdrop: the abuses of the drug and of the access provided to it under the 1-148 initiative. In response to this chaos, which Plaintiffs acknowledge, the Legislature chose to decisively restrict, limit and constrain all aspects of marijuana availability, and to impose heavy regulation by passing the Act. While the Court ties itself to the generally stated purpose clauses of § 50-46-301, MCA — to which, as stated above, we are not bound — such as providing protections to those with debilitating medical conditions, it fails to acknowledge that the Act provided not one provision that expanded upon or liberalized access to the drug for anyone, as compared to the 1-148 initiative. The Act, in its entirety, is a clear constriction of access in response to the abuses under prior law. The Legislature specifically sought to impose new, heavy regulations upon the illegal drug, particularly by “eliminating commercial access,” as the State’s brief states. This is a legitimate purpose, given the concerns created by commercial access to medical marijuana, such as the need to police, license, and tax commercial goods. The Legislature may well have believed that eliminating commercial access alleviated these concerns, as it has with other home products. See § 16-3-201(2), MCA (exempting from regulation the manufacture of beer not intended for sale).
¶ 102 The Court counters that the remuneration provision will likely drive the business of medical marijuana back to the black market. Opinion, ¶ 54. Perhaps so, but the proper inquiry does not permit the Court to entertain such policy speculations, and, in fact, as properly applied, mandates the Court do just the opposite: speculation and presumption is required in favor of upholding the provision. See Davis v. Union Pacific R.R., 282 Mont. 233, 240, 937 P.2d 27, 31 (1997) (“[E]very possible presumption must be indulged in favor of the constitutionality of the legislative act.”). Employing such a presumption here, the remuneration provision certainly seems likely to eliminate commercial access and alleviate the State’s concerns for *294 purposes of due process analysis, as well as justifying its enactment and differential treatment of the purported similarly situated classes under equal protection.
¶103 I would uphold all of the provisions of the Act.